Filed 5/19/15  P. v. O'Neal CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>YOUNG O'NEAL,<br><br>    Defendant and Appellant. | 2d Crim. No. B258416<br>(Super. Ct. No. PA077690)<br>(Los Angeles County) |

Young O'Neal appeals after a jury convicted him of carrying a dirk or dagger (Pen. Code,[1] § 21310) and found true allegations that he had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and served five prior prison terms (§ 667.5, subd. (b)).  The trial court sentenced him to six years in state prison and awarded him 614 days presentence custody credit.

Los Angeles Police Officers James Galbraith and Heather Monroe were on patrol when they received a radio call regarding a disturbance at a liquor store.  Appellant was named as the suspect.  Officer Galbraith recognized appellant's name from prior encounters and knew he was on active parole with search terms.

The officer subsequently detained appellant as he was walking through the liquor store's parking lot.  During a parole search, a screwdriver was found in appellant's rear pants pocket.  The screwdriver had a flat head at the tip and was slightly bent.  From

_____

[1] All statutory references are to the Penal Code.

his experience, Officer Galbraith knew that screwdrivers of this type were often used as a weapon to inflict a "gaping, tearing wound."  After waiving his *Miranda*[2] rights, appellant said he was carrying the screwdriver for protection.

We appointed counsel to represent appellant in this appeal.  After counsel's examination of the record, he filed an opening brief in which no issues were raised.

On February 18, 2015, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  We received no response.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* ( 2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.



PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

Cynthia Ulfig, Judge

Superior Court County of Los Angeles

_____

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.